UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS L. MATJE,

          Plaintiff,                  No. 13-14791

v.                              District Judge Matthew F. Leitman
                              Magistrate Judge R. Steven Whalen

MR. ZESTOS, Medical Director,
ET AL.,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

On November 20, 2013, Plaintiff Thomas L. Matje, an inmate in the custody of the Federal Bureau of Prisons, filed a *pro se* civil complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging deliberate indifference to his medical needs, in violation of the Eighth Amendment. On April 24, 2014, by leave of the Court, he filed an amendment that incorporated the original complaint but added a request for injunctive relief [Doc. #17]. Before the Court at this time is a motion to dismiss [Doc. #20] filed by Defendants William Malatinsky, M.D. and James Zestos, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b).  For the reasons discussed below, I recommend that the motion be GRANTED, and that Defendants Malatinsky and Zestos be DISMISSED WITH PREJUDICE.

## I.    FACTS

In his complaint [Doc. #1], Plaintiff alleges that the Defendants "were all involved in the decision making process concerning Plaintiff's medical care and the medication

-1-

prescribed him as part of that care.  Medications which Plaintiff was taking on the street before his incarceration were stopped by these individuals and Plaintiff now suffers from the harm done as a result of their actions." *Complaint*, § III, Statement of Facts.

In a Brief in Support appended to his Complaint, Plaintiff states that he suffers pain as a result of various medical conditions, including back and leg pain stemming from lumbar radiculopathy, and that before he was incarcerated, he was prescribed Oxycodone. He states that in response to his grievance regarding his treatment, he was told that Oxycodone "was not medically indicated." The grievance response, appended to the complaint at Pg. ID 24, states that Plaintiff is receiving Gabapentin 300 mg, three times a day, for pain, and that Oxycodone is not medically indicated. Nevertheless, Plaintiff alleges that without Oxycodone, the effectiveness of his other medications is reduced, causing "further pain and suffering." *Brief in Support of Complaint*, at 4.  Plaintiff alleges that "his level of care did not rise to the same level of care as community standards and were, in fact, contrary to those standards...." *Id*. at 2.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."   In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine

whether a complaint contains factual allegations, as opposed to legal conclusions.
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare
recitals of the elements of a cause of action, supported by mere conclusory statements, do
not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544,
555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief,
which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> shown–that the pleader is entitled to relief."

### III.   DISCUSSION

#### A.   Eighth Amendment

Prisoners have a constitutional right to medical care under the Eighth Amendment,.
*Estelle v. Gamble,* 429 U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison
officials may not act with deliberate indifference to the medical needs of their prisoners.
*Id.* at 104. An Eighth Amendment claim has two components, one objective and the other
subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811
(1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective
component, "the plaintiff must allege that the medical need at issue is 'sufficiently
serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if
true, would show that the official being sued subjectively perceived facts from which to
infer substantial risk to the prisoner, that he did in fact draw the inference, and that he
then disregarded that risk." *Id.*

Medical malpractice does not rise to the level of an Eighth Amendment violation.
*See Estelle v. Gamble, supra*, 429 U.S. at 105-106 ("a complaint that a physician has been

-3-

negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). The Sixth Circuit has also observed that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 at n. 5 (6th Cir.1976). To make out a claim of deliberate indifference, a plaintiff must show that his or her treatment was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). A "difference of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do[es] not state an Eighth Amendment claim." *Smith v. Sator,* 102 F. App'x 907, 909 (6th Cir.2004) (citing *Estelle,* 429 U.S. at 107).

In the present case, Plaintiff meets the objective prong of a deliberate indifference claim in that he has a sufficiently serious medical condition. Indeed, as shown in the attachments to his complaint, he received a Social Security Disability award as the result of his condition. However, his case falters on the subjective prong. Prison medical personnel have examined him and provided him with medications, including Gabapentin 300 mg (Neurontin) for pain. They have made a determination that Oxycodone is "not medically indicated." That Plaintiff disagrees with that determination is beside the point. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable, *Harrison v. Barkley,* 219 F.3d 132, 138–140 (2d Cir.2000), and "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) (citations omitted). *See also Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th

-4-

Cir.1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.")

Throughout his complaint and his response to the Defendants' motion, Plaintiff argues that the decision to not prescribe Oxycodone "did not rise to the level of care as community standards." *Plaintiff's Response* [Doc. #21], ¶ 8. A medical provider's failure to meet a standard of care might state a claim of medical malpractice, but again, that does not rise to the level of deliberate indifference under the Eighth Amendment. *Estelle v. Gamble, supra*, 429 U.S. at 105-106.

### B.   Qualified Immunity

The Defendants also assert the defense of qualified immunity. Qualified immunity is an affirmative defense.  A government official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194 (2001). Under  *Saucier*, the inquiry was sequential, requiring the district court to first consider whether there was a constitutional violation.  However, in *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier*  is no longer mandatory.    Rather, *Pearson* commended the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis. *Id*. at 236.

I have determined, as discussed above, that Plaintiff has not stated a constitutional violation. Therefore, Defendant would be entitled to qualified immunity under the first prong of *Saucier*.

## IV.    CONCLUSION

I recommend that Defendants' motion to dismiss [Doc. #20] be GRANTED, and that Defendants Malatinsky and Zestos be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2015

-6-

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 28, 2015, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager
