UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS L. MATJE,

    Plaintiff,                                  Case No. 13-14791
                                                Hon. Matthew F. Leitman

v.

ZETOS, Medical Director, et al.,

    Defendants.
_____/

**<u>ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART
PLAINTIFF'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION DATED FEBRUARY 28, 2015, AND
(2) GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS</u>**

      Plaintiff Thomas L. Matje, an inmate in the custody of the Federal Bureau of Prisons, has filed a pro se civil action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging deliberate indifference to his medical needs, in violation of the Eighth Amendment. The Defendants include the medical director at the facility in which Plaintiff is housed and a physician at that facility who evaluated and treated Plaintiff. Plaintiff alleges that he suffers severe and debilitating pain as a result of certain medical conditions and prior surgeries.

      Plaintiff claims that before his incarceration, his personal physician prescribed Oxycodone for his pain. He says that the Defendants refuse to prescribe and provide that essential medication. In fact, Plaintiff alleges in his Complaint

1

that Defendants have completely failed to prescribe *any* medication for his pain. (*See* Br. In Supp. of Pl.'s Compl., ECF #1 at Pg. ID 10-11: "Defendants have refused to prescribe even a substitute medication … and have shown "a total disregard to the pain and suffering of Plaintiff causing Plaintiff to endure unnecessary pain and suffering.") Plaintiff acknowledges that Defendants have prescribed him Gabapentin, but he insists that Gabapentin "is a nerve medication and not a pain medication." (Obj. to R&R, ECF #25 at Pg. ID 117.) In Plaintiff's words, he "is not being given anything for his pain." (Obj. to R&R, ECF #25 at Pg. ID 116.) Finally, Plaintiff alleges that Defendants' conduct fails to satisfy the prevailing community standards for the treatment of pain.

When the Court construes Plaintiff's claims liberally, as it must, the Court discerns three separate aspects to the claims:

1. Defendants have violated Plaintiff's Eighth Amendment rights by failing and refusing to prescribe Oxycodone, a highly-effective pain control drug that was prescribed by Plaintiff's private physician prior to his incarceration;

2. Defendants have violated Plaintiff's Eighth Amendment rights by failing to adhere to accepted community medical treatment standards; and

3. Defendants have violated Plaintiff's Eighth Amendment rights by completely failing to provide any treatment whatsoever for Plaintiff's severe and debilitating pain, even though they well know that Plaintiff is suffering and has a material need for pain relieving medications.

Defendants William Malatinsky, M.D., and James Zestos have moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* the "Motion," ECF #20.) The Magistrate Judge recommends that the motion be granted in its entirety. (*See* the "Report and Recommendation," ECF #24.) Plaintiff has timely objected to the Report and Recommendation.

The Report and Recommendation identified the correct legal standard governing Plaintiff's claims:

> Prisoners have a constitutional right to medical care under the Eighth Amendment,. *Estelle v. Gamble,* 429 U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

(R&R at 3, Pg. ID 111.)

The Report and Recommendation also properly concluded that the first two aspects of Plaintiff's claim are not viable under this standard. As the Magistrate

3

Judge correctly noted, federal courts have repeatedly held that the Eighth Amendment does not guarantee a prisoner the right to be treated with any particular medication (*see* cases cited below at pp. 5-6), and thus Plaintiff fails to state a plausible claim when he alleges that Defendants refused to prescribe and/or provide Oxycodone.  Likewise, it is well-established that a physician's allegedly negligent failure to satisfy prevailing medical standards – i.e., a claim the she effectively committed medical malpractice – does not rise to the level of an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).  Thus, the Court overrules Plaintiff's objections to those portions of the Report and Recommendation in which the Magistrate Judge suggests dismissing the first two aspects of Plaintiff's claim.

However, the Court sustains Plaintiff's objection to that portion of the Report and Recommendation in which the Magistrate Judge suggests dismissing the third component of Plaintiff's claim.  In that component, Plaintiff alleges that the Defendants have intentionally failed to provide *any* treatment for his severe pain even though they are well aware of the pain.  Plaintiff acknowledges that the Defendants have prescribed and provided Gabapentin, but he insists that Gabapentin is a nerve medication, *not* a pain relief medication.  In the context of deciding the pending motion under Rule 12(b)(6), the Court must accept as true

4

Plaintiff's allegation that Defendants have failed to prescribe any substitute pain medication to replace his previously-prescribed Oxycodone.

Plaintiff's claim that Defendants are knowingly and intentionally failing to provide *any* treatment whatsoever for his severe pain is sufficient to state a viable Eighth Amendment claim. Indeed, the Sixth Circuit has held that a prisoner states a viable Eighth Amendment claim by alleging that a defendant provided "no treatment at all" for a particular condition. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The Sixth Circuit has also "agree[d] with the Ninth Circuit that a prisoner who is needlessly allowed to suffer pain when relief is readily available does have a cause of action against those whose deliberate indifference is the cause of his suffering." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Plaintiff's claim that he has received *no* pain medication stands in sharp contrast to other cases in which federal courts have dismissed Eighth Amendment claims based upon the alleged failure to provide a specific type of pain medication. *See, e.g., Hill*, 657 F.3d at 123 (2d Cir. 2011) (affirming dismissal of deliberate indifference claim based upon failure to prescribe requested pain medication where plaintiff had been prescribed Motrin); *Thomas v. Coble*, 55 Fed. App'x 748 (6th Cir. 2003) (affirming dismissal of deliberate indifference claim based upon failure to prescribe requested pain medication where plaintiff had been prescribed pain medications, just not the ones he requested); *Baker v. Noronha*,

No. 12-10642, 2013 WL 639336 (E.D Mich. Jan. 8, 2013) (report and recommendation), *adopted by* 2013 WL 639153 (E.D. Mich. Feb. 21, 2013).

It seems that Plaintiff may well have a difficult time prevailing on his claim that Defendants have provided no treatment and that Defendants may, upon a proper showing, ultimately be entitled to summary judgment on this claim. But on the current state of the pleadings, the claim is viable.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections to the portions of the Report and Recommendation suggesting that the Court dismiss the first two aspects of Plaintiff's claim – failure to prescribe/provide Oxycodone and failure to satisfy community standards – are **OVERRULED** and those two aspects of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's objection to the Report and Recommendation is **SUSTAINED** to the extent that the Report and Recommendation suggests that the Court dismiss Plaintiff's claim that Defendants are knowingly and intentionally failed to provide any pain medication to treat his severe pain. To the extent Defendants' motion seeks dismissal of this aspect of Plaintiff's claim, it is **DENIED**.

3. The sole claim remaining in this action is Plaintiff's claim that Defendants violated his Eighth Amendment rights by knowingly, intentionally, and entirely withholding any and all pain medications to treat his severe pain.

                                                s/Matthew F. Leitman  
                                                MATTHEW F. LEITMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: March 25, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2015, by electronic means and/or ordinary mail.

                                      s/Holly A. Monda
                                      Case Manager
                                      (313) 234-5113