UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS L. MATJE,

        Plaintiff,               No. 13-14791

v.                                   District Judge Matthew F. Leitman
                                      Magistrate Judge R. Steven Whalen

MR. ZESTOS, Medical Director,
ET AL.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

On November 20, 2013, Plaintiff Thomas L. Matje, an inmate in the custody of the Federal Bureau of Prisons, filed a *pro se* civil complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging deliberate indifference to his medical needs, in violation of the Eighth Amendment. On April 24, 2014, by leave of the Court, he filed an amendment that incorporated the original complaint but added a request for injunctive relief [Doc. #17]. Before the Court at this time is Defendant Stephen Gidel's Motion to Dismiss for Insufficient Service of Process [Doc. #54], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint as to Defendant Gidel be DISMISSED WITHOUT PREJUDICE.

## I. FACTS

In his complaint [Doc. #1], Plaintiff alleges that the Defendants "were all involved in the decision making process concerning Plaintiff's medical care and the medication prescribed him as part of that care. Medications which Plaintiff was taking on the street before his incarceration were stopped by these individuals and Plaintiff now suffers from the harm done as a result of their actions." *Complaint*, § III, Statement of Facts. While Defendant Stephen Gidel is not specifically named in the factual body of the complaint, Plaintiff lists him as a Physician Assistant. *Id*. at 2.

In a Brief in Support appended to his Complaint, Plaintiff states that he suffers pain as a result of various medical conditions, including back and leg pain stemming from lumbar radiculopathy, and that before he was incarcerated, he was prescribed Oxycodone. He states that in response to his grievance regarding his treatment, he was told that Oxycodone "was not medically indicated." The grievance response, appended to the complaint at Pg. ID 24, states that Plaintiff is receiving Gabapentin 300 mg, three times a day, for pain, and that Oxycodone is not medically indicated. Nevertheless, Plaintiff alleges that without Oxycodone, the effectiveness of his other medications is reduced, causing "further pain and suffering." *Brief in Support of Complaint*, at 4. Plaintiff alleges that "his level of care did not rise to the same level of care as community standards and were, in fact, contrary to those standards...." *Id*. at 2.

On February 28, 2015, I filed a Report and Recommendation [Doc. #24]

recommending that Defendants' motion to dismiss [Doc. #20] be granted. The Court accepted the recommendation to the extent of dismissing Plaintiff's Eighth Amendment deliberate indifference claims based on (1) the failure to specifically prescribe Oxycodone, and (2) the medical providers' failure to adhere to accepted community medical treatment standards. However, the Court denied Defendants' motion to dismiss Plaintiff's claim that he received *no* treatment for his complaints of pain [Doc. #26].

Following discovery, Defendants Malatinsky and Zestos filed a motion for summary judgment [Doc. #40]. On March 29, 2017, the Court, adopting my second Report and Recommendation [Doc. #53], granted Defendants' motion for summary judgment [Doc. #58]. As discussed more fully in my Report and Recommendation [Doc. #40], the medical records flatly refuted Plaintiff's claim that he received no treatment for his pain:

> "The evidence shows clearly that Dr. Malatinsky exercised medical judgment and that Plaintiff received continuous treatment for his pain, including a variety of non-narcotic drugs such as Gabapentin (Neurontin) and Lyrica. Dr. Malatinsky made a determination that Oxycodone was 'not medically indicated.' That Plaintiff disagrees with that determination is beside the point. '[A] prisoner has no right to choose a specific form of medical treatment,' so long as the treatment provided is reasonable, *Harrison v. Barkley,* 219 F.3d 132, 138–140 (2d Cir.2000), and 'mere disagreement as to the proper medical treatment' is insufficient to state a constitutional violation. *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) (citations omitted). *See also Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir.1999) ('[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.')" [Doc. #53, p. 8].

Defendant Gidel, through counsel at the United States Attorney' Office, brings his motion to dismiss under Fed.R.Civ.P. 12(b)(5), based on insufficient service of process. Counsel proffers the following facts, substantiated by filings found on the docket. Because Plaintiff is proceeding *in forma pauperis*, the Court ordered service by the United States Marshal. Initially, the Marshal sent summonses and complaints, with waivers of service, to FCI Milan, addressed to "Litigation Coordinator." Staff at FCI Milan responded that the notice and request to waive service had to be addressed to the individual Defendants. On February 27, 2014, the Marshal's Service resent the notice and request to waive service to "Gidell, Malatinsky & Zestos addressed individually." Malatinsky and Zestos returned the executed waivers on March 11, 2014. However, Defendant Gidel's waiver was returned unexecuted, with the return envelope marked "not at institution." To date, Defendant Gidel has not been served.

On March 3, 2017, I entered an order directing Plaintiff to file a response to the present Motion to Dismiss on or before March 31, 2017. The order was sent to Plaintiff's home in DeForest, Wisconsin, at the current address appearing on the docket sheet. Although the response date has long since passed, Plaintiff has not filed a response.

## II. DISCUSSION

At the time Plaintiff filed his complaint, Fed.R.Civ.P. 4(m) required service of process within 120 days of filing the complaint.[1] The Rule provides that if a defendant is not timely served, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time. *In re Lopez*, 292 B.R. 570, 574 (E.D.Mich. 2003) ("In other words, even in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend.").

Plaintiff has not shown good cause for failure to serve Defendant Gidel. Indeed, Plaintiff has not responded at all, rendering this motion unopposed. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir.1989) (Table) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). For this reason alone, the Court can grant Defendant's Motion to Dismiss.

---

[1] The December, 2015 amendment to Rule 4(m) reduced the time for service to 90 days.

Nor is there a good basis for the Court to exercise its discretion to extend the time for service. In *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), the Court identified five factors informing a court's exercise of discretion under Rule 4(m):

> "whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process." (Citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999)).

Although the Court has the discretion to grant an extension of time for service even without a showing of good cause, the *Slenzka* factors weigh against doing so in this case. As to the first factor, a significant amount of time– more than three and one-half years–has passed since the complaint was filed. The second factor is neutral, in that the Defendants who were served have been dismissed. The third factor weighs against Plaintiff, since there is no showing that Defendant Gidell had actual notice of this lawsuit.

The fourth factor–prejudice to Plaintiff if the complaint is dismissed without prejudice–would weigh in Plaintiff's favor, since the three-year statute of limitations has run. While this might ordinarily favor extending the time for service, *see In re Lopez*, 292 B.R. 570 at 574 (E.D.Mich. 2003), the strength of the other factors, especially the very lengthy time that Plaintiff had to provide information as to where Defendant Gidel could

be served², and the fact that Plaintiff has not seen fit to respond to Defendant's motion, augurs against the Court exercising its discretion in Plaintiff's favor.³

Finally, as to the fifth factor, Plaintiff has not offered any showing that he has made a good faith effort to provide a correct address for Defendant Gidell.

Therefore, Defendant Gidel's Motion to Dismiss should be granted.

### III. CONCLUSION

I recommend that Stephen Gidel's Motion to Dismiss for Insufficient Service of Process [Doc. #54] be GRANTED and that the complaint as to Gidel be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

---

² While a *pro se* prison inmate necessarily operates at a disadvantage *vis-a-vis* a litigant in free society, he or she still has an obligation to provide a correct address for service. Notwithstanding that Marshal's service is ordered, it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service. *Herbert v. Roark*, 2006 WL 1284695, *1 (E.D. Mich. 2006), citing *Williams v. McLemore*, 10 Fed. App'x. 241, 243 (6th Cir.2001) and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). *See also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.1993)(prison inmate bears the responsibility for providing defendants' proper addresses or Marshal's service). I also note that Plaintiff is no longer incarcerated.

³ I nonetheless recommend dismissal without prejudice, since the statute of limitations is not a jurisdiction bar to refiling the lawsuit, and Plaintiff would have the opportunity to argue for equitable tolling. *See e.g., Holland v. Florida*, 560 U.S. 631, 645 (2010). Of course, given the Court's previous finding that Plaintiff was not denied medical treatment in violation of the Eighth Amendment, it is improbable that he would be successful.

appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 30, 2017

## CERTIFICATE OF SERVICE

      I hereby certify on July 30, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 30, 2017.

                                        s/Carolyn Ciesla
                                        Case Manager to
                                        Magistrate Judge R. Steven Whalen